DiLoreto, Plaintiff-Appellee, v. Shellenberger, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 4101. Decided April 12, 1960.

*Mr. L. C. Hartwell*, for plaintiff-appellee.
*Messrs. Stephens & Stephens*, for defendant-appellant.

Phillips, J. This matter is before us on plaintiff's amended motion to dismiss defendant's appeal for the reason there is no final order from which to appeal; and that a court has no authority to grant a motion for judgment notwithstanding the disagreement of the jury.

The trial court found that the jury was unable to arrive at a verdict, and that the issues in the case presented questions of fact for a jury and ordered the case to the trial list.

Plaintiff cites the case of *Carroll Cole & Motors Ins. Corp.,* v. *James Huntington*, 49 Ohio Opinions, 166, as authority for the trial judge refusing to grant a motion for judgment notwithstanding the disagreement of the jury.

Defendant cites the case of *Bridge* v. *Metropolitan Life Insurance Company*, 142 Ohio St., 521, where Williams J., at page 522, said:—

"Was there a final order in the Municipal Court of Cleveland?

"It is established in this court that where a motion to di-

rect a verdict is overruled and, after a verdict is returned for plaintiff, the trial court grants defendant's motion for a new trial and overrules his motion for a judgment in his favor, the overruling of the defendant's motion for judgment is a final order from which defendant, feeling aggrieved, may appeal to the Court of Appeals. See *Hocking Valley Mining Co.* v. *Hunter*, 130 Ohio St., 333, 199 N. E., 184; and *Cincinnati Goodwill Industries* v. *Neuerman*, 130 Ohio St., 334, 199 N. E., 178. In principle there is no difference when the jury disagrees and defendant's motion for judgment is overruled. The overruling of the motion constitutes a final order, from which an appeal lies. Consequently, the Court of Appeals did not err in overruling the motion to dismiss the appeal.''

Defendant contends when this matter is heard on its merits that there is no jury question, and that reasonable minds could reach but one conclusion, and that conclusion is that defendant was not negligent and that plaintiff's negligence was the sole cause of the accident.

Defendant contends that the question to be decided when the appeal is heard on its merits is whether the question at trial was purely factual or whether the question under the evidence was such that reasonable minds could not differ; and that there can be no determination until the court has an opportunity to read the bill of exceptions, assignments of error and briefs.

On authority of *Bridge* v. *Metropolitan Life Insurance Company*, 142 Ohio St., 521, plaintiff's amended motion to dismiss defendant's appeal is overruled.

GRIFFITH, P. J., and DONAHUE, J., concur.